**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **JACOB SOLIZ-ARRIAGA,**<br>**Individually and on behalf of all others similarly situated,**<br><br>***Plaintiff,***<br><br>v.<br><br>**KIEWIT OFFSHORE SERVICES, LTD.,**<br><br>***Defendant.*** | **Case No. _________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

# ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Jacob Soliz-Arriaga—brings this action individually and on behalf of all current and former hourly workers (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Kiewit Offshore Services, LTD ("Kiewit")—at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and Texas common law.

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action pursuant to the state laws of Texas under FED. R. CIV. P. 23, to recover unpaid straight time wages, and other applicable penalties..

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Kiewit at any time during the relevant time periods through the final

disposition of this matter, and have not been paid for all hours worked, nor the correct amount of overtime, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Kiewit knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Kiewit regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours—was (and is) to knowingly and deliberately engage in "time shaving"— reducing the recorded hours of Plaintiff and the Putative Collective/Class Members worked—resulting in underpayment of both straight time and overtime wages.

7. Additionally, Kiewitt paid non-discretionary bonuses—retention bonuses—to Plaintiff and the Putative Collective/Class Members, but failed to include these bonuses in Plaintiff and the Putative Collective/Class Members' regular rate of pay for purposes of calculating their correct rate of overtime compensation.

8. The effect of Kiewit's practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid at the correct rate; thus, Kiewit has failed to properly compensate Plaintiff and the Putative Collective/Class

Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and Texas state law.

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under the state laws of Texas as class actions pursuant to FED. R. CIV. P. 23..

11. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, with Plaintiff Soliz-Arriaga named as the Class Representative.

## II.
## THE PARTIES

13. Plaintiff—Jacob Soliz-Arriaga ("Soliz-Arriaga")—was employed by Kiewit in Texas during the relevant time period(s). Plaintiff Soliz-Arriaga did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former hourly laborers who were employed by Kiewit, anywhere in the United States, at any time from January 8, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

[1] The written consent of Jacob Soliz-Arriaga is attached hereto as Exhibit "A."

15. The Texas Class Members are those current and former hourly laborers who were employed by Kiewit, anywhere in Texas, at any time from January 8, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

16. Defendant Kiewit Offshore Services, LTD, ("Kiewit") is a domestic for-profit corporation, that is headquartered in, and licensed to do business in, the State of Texas and may be served through its registered agent for service of process: **CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201**

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over Plaintiff's' claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over Plaintiff Soliz-Arriaga's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff Soliz-Arriaga's claims under the FLSA that they form part of the same case or controversy.

19. Plaintiff Soliz-Arriaga has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20. This Court has general personal jurisdiction over Kiewit because their corporate headquarters are located in Texas, and Plaintiff Soliz-Arriaga worked for Kiewit in Corpus Christi, Texas.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas, Corpus Christi Division because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Plaintiff Soliz-Arriaga worked for Kiewit in Corpus Christi, Texas.

## IV.
## BACKGROUND FACTS

23. Kiewit fabricates and constructs large, complex components for offshore oil and gas projects for its clients throughout the United States.[2]

24. To provide its services, Kiewit employed (and continues to employ) numerous hourly laborers—including Plaintiff and the Putative Collective/Class Members.

25. Plaintiff and the Putative Collective/Class Members were employed by Kiewit as non-exempt hourly employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

26. Plaintiff and the Putative Collective/Class Members' job duties include fabrication of oil and gas components for offshore drilling platforms and sites to Kiewits clients.

27. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as Kiewit) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Soliz-Arriaga was employed by Kiewit as a Rigger Operator in Texas from approximately July of 2022 until January of 2025.

30. Plaintiff Soliz-Arriaga was scheduled to work and did work from 6:50 a.m. to 5:32 p.m., Monday through Friday during his employment with Kiewit.

31. On some occasions, Plaintiff Soliz-Arriaga was also permitted to work on Saturdays.

32. On average, Plaintiff Soliz-Arriaga worked approximately forty-eight (48) hours per workweek, while employed by Kiewit.

[2] https://www.kiewit.com/

33. The Putative Collective/Class Members have similar work schedules to Plaintiff Soliz-Arriaga, and worked a similar number of hours each workweek during their employment with Kiewit.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Kiewit resulting in the complained of FLSA and state law violations.

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

36. Plaintiff and the Putative Collective/Class Members are non-exempt employees who were (and are) paid by the hour.

37. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Kiewit resulting in the complained of FLSA and state law violations.

**Time Shaving**

38. Kiewit had (and continues to have) a practice of manually altering, reducing, or rounding down employee time entries, including shaving time off the beginning and/or end of shifts, which routinely resulted (and continues to result) in the underreporting of compensable time worked.

39. Specifically, Kiewit shaved off or eliminated hours worked by Plaintiff and the Putative Collective/Class Members that exceeded their scheduled shift hours.

40. Additionally, Kiewit managers shaved an additional thirty (30) minutes of payable time when the Plaintiff or a Putative Collective/Class Member clocked in late.

41. Specifically, Plaintiff Soliz-Arriaga's manager shaved off thirty (30) minutes from his pay when he arrived to work two (2) minutes after his shift start time. The mangaer informed Plaintiff Soliz-Arriaga that anytime a Kiewit employee is late, they will lose thirty (30) minutes as punishment.

42. Kiewit was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) uncompensated time due to time shaving, in violation of the FLSA and applicable state law.

43. Kiewit benefited from Plaintiff and the Putative Collective/Class Members' unpaid labor, as it avoided compensating significant amounts of straight time and overtime by shaving time from their recorded hours.

44. Kiewit knew or should have known that Plaintiff and the Putative Collective/Class Members were performing compensable work during the times that were later shaved or deleted from their time records.

45. Specifically, Plaintiff and the Putative Collective/Class Members reported their hours worked to their supervisors and the supervisors refused to include all hours worked in Plaintiff and the Putative Collective/Class Members' recorded compensable time.

46. Kiewit's time shaving practices resulted (and continue to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

47. Specifically, Plaintiff Soliz-Arriaga normally worked forty-eight (48) hours on the clock each workweek and as a result the time Kiewit shaved off and did not pay Plaintiff Soliz-Arriaga for qualified as hours worked in excess of forty (40) that should have been paid at an overtime rate.

48. In the weeks Plaintiff Soliz-Arriaga worked in which he did not work a full schedule due to holidays, such as the week of Christmas, Plaintiff Soliza-Arriaga worked less than forty (40) on-the-clock hours and the time Kiewit shaved off and did not pay Plaintiff Soliz-Arriaga for qualified as unpaid straight time hours.

***Failure to Include Non-Discretionary Bonuses in the Regular Rate***

49. Plaintiff and the Putative Collective/Class Members received non-discretionary bonuses based on their continued employment, but Kiewit failed to include these non-discretionary bonuses—the Retention Bonus—in the Plaintiff and Putative Collective/Class Members' regular rates of pay.

50. These non-discretionary bonuses were based upon pre-determined criteria established by Kiewit – specifically, retention with the company.

51. When Plaintiff and the Putative Collective/Class Members met these pre-determined criteria, they were entitled to receive these non-discretionary bonuses.

52. The retention bonuses were paid out on a quarterly basis.

53. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective/Class Members' regular rates of pay before any and all overtime multipliers were applied.

54. During each quarter of Plaintiff Soliz-Arriaga's employment with Kiewit, he worked overtime hours during almost each week of each qarter.

55. Although Plantiff Soliz-Arriaga worked overtime hours in each quarter in which he received a retention bonus, Kiewit failed to recalculate his regular rate and pay him overtime compensation for that quarter that included the retention bonus in the regular rate.

56. As a result of their failure to include the retention bonus in Plaintiff Soliz-Arriaga's regular rate during each quarter in which he worked overtime and received the retention bonus, Kiewit failed to pay Plaintiff Soliz-Arriaga the correct amount of overtime compensation due to him under the FLSA.

57. As a result of Kiewit's failure to include all non-discretionary income in the regular rate of pay and to compensate Plaintiff and the Putative Collective/Class Members for compensable

work Plaintiff and the Putative Collective/Class Members worked straight time and overtime hours for which they were not compensated at the rates required by the FLSA and Texas state law.

58. Kiewit knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of straight time and overtime compensation in violation of the FLSA and state law.

59. Kiewit knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

60. Kiewit's actions therefore constitute willful violations under the law and were not made in good faith.

61. Kiewit's failure to compensate Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

62. Because Kiewit did not pay Plaintiff and the Putative Collective/Class Members time and one half their regular rate of pay for all hours worked in excess of forty (40) in a workweek, Kiewit's pay policies and practices willfully violated (and continue to violate) the FLSA and state law.

63. Because Kiewit did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Kiewit's pay policies and practices violated (and continue to violate) Texas state law.

64. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and Texas state law, including the overtime provisions.

**V.**
**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

65. The preceding paragraphs are incorporated as though fully set forth herein.

66. The FLSA Collective is defined as follows:

**ALL CURRENT AND FORMER HOURLY LABORERS WHO WERE EMPLOYED BY KIEWIT OFFSHORE SERVICES, LTD, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 8, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

67. At all material times, Kiewit has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

68. At all material times, Kiewit has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

69. At all material times, Kiewit has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the provision of consturction and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

70. Specifically, Kiewit employs numerous hourly laborers to provide construction services throughout the United States, provides construction services and solutions within the United States, purchases materials through commerce, transports materials through commerce and on the

interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

71. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Kiewit, these individuals provided services for Kiewit that involved interstate commerce for purposes of the FLSA.

72. In performing work for Kiewit, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

73. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly laborers who assisted Kiewit's customers throughout the United States. 29 U.S.C. § 203(j).

74. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

75. The proposed classes of similarly situated employees—that is, the FLSA collectives sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 66.

76. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Kiewit.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

77. Kiewit violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, providing security related services, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

78. Moreover, Kiewit knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

79. Kiewit knew or should have known their pay practices were in violation of the FLSA.

80. Kiewit is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were (and continue to be) in violation of the FLSA.

81. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Kiewit to pay them according to the law.

82. The decision and practice by Kiewit to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

83. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

84. All previous paragraphs are incorporated as though fully set forth herein.

85. Pursuant to 29 U.S.C. § 216(b), Plaintiff bring this action collectively on behalf of Kiewit's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

86. Other similarly situated employees of Kiewit have been victimized by Kiewit's patterns, practices, and policies, which are in willful violation of the FLSA.

87. The FLSA Collectives are defined in Paragraph 66.

88. Kiewit's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Kiewit, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

89. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

90. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

91. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

92. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

93. Absent a collective action, many members of the proposed FLSA collectives will not likely obtain redress of their injuries and Kiewit will retain the proceeds of their violations.

94. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

95. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 66.

## SECOND CAUSE OF ACTION
**(Class Action Alleging Violations of Texas Common Law)**

### A. VIOLATIONS OF TEXAS COMMON LAW

96. The foregoing paragraphs are incorporated as though fully set forth herein.

97. Plaintiff further brings this action pursuant to Texas contract law and the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

98. The Texas Class and "Texas Class Members" are defined as:

> **ALL CURRENT AND FORMER HOURLY LABORERS WHO WORKED FOR KIEWIT OFFSHORE SERVICES, LTD., ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM JANUARY 8, 2022 THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

99. Plaintiff and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. *See Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

100. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

101. Plaintiff and the Texas Class Members provided valuable services for Kiewit, at Kiewit's direction and with Kiewit's acquiescence.

102. Kiewit accepted Plaintiff and the Texas Class Members' services and benefited from their timely dedication to Kiewit's customers.

103. Kiewit was aware that Plaintiff and the Texas Class Members expected to be compensated for the services they provided to Kiewit.

104. Kiewit has therefore benefited from services rendered by the Plaintiff and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B. TEXAS COMMON LAW CLASS ALLEGATIONS**

105. The Texas Class brings their Texas common law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since January 8, 2022. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

106. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

107. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

108. Plaintiff Soliz-Arriaga's Texas state-law claims share common questions of law and fact with the claims of the Texas Class Members.

109. Plaintiff Soliz-Arriaga is a member of the Texas Class, his claims are typical of the claims of the Texas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Texas Class Members.

110. Plaintiff Soliz-Arriaga and his counsel will fairly and adequately represent the Texas Class Members and their interests.

111. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 98

**VI.**
**RELIEF SOUGHT**

113. Plaintiff respectfully prays for judgment against Kiewit as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 66.

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Kiewit liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Texas Class as defined in Paragraph 98, and designating Plaintiff Soliz-Arriaga as Class Representative of the Texas Class;

e. For an Order pursuant to Texas common law awarding Plaintiff Soliz-Arriaga and the Texas Class Members unpaid wages and other damages allowed by law;

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

i. For an Order awarding Plaintiff Soliz-Arriaga a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Kiewit, at Kiewit's expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 8, 2026

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Collective/Class Members***